HENRY T. SMITH, agent, plaintiff in error, *vs.* BRAXTON EZELL, defendant in error.

Possession under an order setting apart a homestead to the wife of the defendant in execution, cannot be tacked to subsequent possessions to protect the purchaser under section 3583 of the Code, from the seizure of said homestead under an execution based on a debt contracted prior to the adoption of the Constitution of 1868.

Homestead. Judgments. Prescription. Statute of limitations. Possession. Before AUGUSTUS REESE, Esq., Judge *pro hac vice.* Jasper Superior Court. August Term, 1873.

This case is fully reported in the decision.

C. F. AKERS, for plaintiff in error.

KEY & PRESTON, for defendant.

WARNER, Chief Justice.

In September, 1866, the plaintiff obtained a judgment against E. T. White, and execution issued thereon. In 1869 the wife of White, the defendant in execution, obtained a homestead for the benefit of herself and children on the property of her husband, and continued in possession of the same until May, 1870, when the homestead was exchanged with Battie for a lot in the city of Atlanta, with the approval of the ordinary, which was valued at $2,000 00. Battie remained in possession of the homestead land until March, 1871, and then sold it to Smith, as agent for his wife, for $2,000 00, who went into the possession of it. Both Battie and Smith purchased the homestead in good faith, paid full value therefor, believing they were getting a good title. The execution against White was levied on the land set apart as a homestead, as his property, and claimed by Smith, as agent for his wife. On the trial of the claim the claimant sought to protect her possession as a *bona fide* purchaser for a valuable consideration under the provisions of the 3583d section

of the Code. In order to make out the four years' possession of herself, and those under whom she claimed, it became necessary to count the time Mrs. White, the wife of the defendant in execution, was in possession of the homestead. The court held and decided that the time of her possession could not be counted, and the claimant excepted. We find no error in the ruling of the court. Mrs. White was not in possession of the homestead as a *bona fide* purchaser for a valuable consideration within the meaning of the section of the Code before cited, if indeed she was in possession of any homestead at all, as against debts contracted prior to the adoption of the constitution of 1868.

Let the judgment of the court below be affirmed.